IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| DAWN M. DRUMGOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:23-cv-30 (RDA/WEF) |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R&R") issued by Magistrate Judge William E. Fitzpatrick on October 12, 2023. Dkt. 17. Judge Fitzpatrick recommended that Plaintiff Dawn M. Drumgold's motion for summary judgment (Dkt. 9) be denied and that Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 12) be granted. *Id*. at 16. Plaintiff filed an Objection (Dkt. 18) to the R&R and Defendant filed a Response (Dkt. 19). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. For the reasons that follow, the Court ACCEPTS and ADOPTS the R&R, OVERRULES the Objection, DENIES Plaintiff's motion for summary judgment, and GRANTS Defendant's motion for summary judgment.

I. BACKGROUND

A. Factual Background[1]

On May 29, 2020, Plaintiff applied for Supplemental Security Income ("SSI") alleging a disability onset date of February 27, 2019. AR17. Plaintiff claimed that she suffered from several physical and mental conditions that prevented her from working, including degenerative disc disease, flat feet, plantar fascial fibromatosis, asthma, obesity, vertigo, and insomnia. AR20. In support of her application, Plaintiff submitted medical records from: (i) Dr. Sylvia Luther, M.D. – Plaintiff's primary care physician; (ii) Dr. Mohammed Alattar, M.D. – a pulmonary specialist; (iii) Dr. Mathew Blackburn, M.D. – a doctor of internal medicine; and (iv) Dr. Noel Barnet – a podiatrist. AR27-29, 328-510, 544-558, 572-631, 674-676.[2]

Plaintiff's challenge to the Commissioner's decision to deny her SSI – and thus, also the basis for her challenge to Judge Fitzpatrick's decision – rests on the evaluation of Plaintiff's mental health conditions. Dkt. 18. Plaintiff claims to suffer from a number of disorders, including depression, anxiety, posttraumatic stress disorder ("PTSD"), and attention deficit hyperactivity disorder ("ADHD"). AR20-21. In support of her application, Plaintiff submitted medical records from several providers.

The focus of Plaintiff's Objection is based upon the submissions of Ms. Shideh Sarmadi, a licensed professional counselor, employed by Counseling and Forensic Services, Inc. AR29, 511-515, 560-571. On July 30, 2021, Ms. Sarmadi submitted a letter in support of Plaintiff's claim

---

[1] The factual background is drawn from the Administrative Record, referred to as "AR."

[2] The Administrative Law Judge ("ALJ") concluded that Plaintiff's degenerative disc disease, flat feet, plantar fascial fibromatosis, asthma, and obesity were "medically determinative impairments" that significantly limited Plaintiff's ability to work, but not to the degree that she was disabled under the Social Security Act. AR20-21. The ALJ also found that Plaintiff's claims of vertigo and insomnia were not "diagnosed by an acceptable medical source or confirmed by signs and/or laboratory" results. *Id*. Plaintiff does not contest these findings.

stating: (i) that Plaintiff had been a patient since October 6, 2015; (ii) that Ms. Sarmadi has "c[o]me to realize that [Plaintiff] is dealing more with Bipolar Depression due to her frequent labile mood and lack of impulse control and reported frequent mood swings"; (iii) that Plaintiff "is highly excitable and irritable at times and can be easily triggered by environmental stimulation"; (iv) that Plaintiff has self-reported that she feels incapable of feeling calm around others and isolates at home; (v) that Ms. Sarmadi recommends Plaintiff continue therapy and avoid situations that are triggering; and (vi) that Ms. Sarmadi is unable to release therapy notes "due to HIPPA laws." AR511.

On October 27, 2021, Ms. Sarmadi submitted a second letter that repeated, almost *verbatim*, the July 2020 Letter. AR559.[3] With the October 27, 2021 Letter, Ms. Sarmadi also submitted two forms prepared by her representative. AR560-571.[4] The forms merely permitted Ms. Sarmadi to check various boxes and provide little to no explanation. *Id*.

In the ALJ's decision determining that Plaintiff is not entitled to SSI, the ALJ considered the findings and conclusions of Ms. Sarmadi as well as reports by other medical professionals. AR32-34, 37. The sole issue before Judge Fitzpatrick – and now this Court – is whether the ALJ

---

[3] The only differences between the two letters are: (i) in the July 2020 Letter, Ms. Sarmadi refers to Plaintiff's treatment beginning in October 2015, whereas the October 2021 Letter states that treatment began in April 2015; (ii) the October 2021 Letter makes a reference to a "Diagnosis of Depression (Mood Disorders), Bipolar depressions and PTSD[,]" whereas the July 2020 Letter refers only to a "Diagnosis of Depression (Mood Disorders) – there is no explanation for the difference; and (iii) the July 2020 Letter contains a reference to Plaintiff's prior therapist leaving the practice in September 2015 that is not included in the second letter. *Compare* AR559 *with* AR511.

[4] Plaintiff was represented by Andrew Mathis of Mathis & Mathis PC. AR141. Mr. Mathis is not a lawyer. *Id*. The forms submitted by Ms. Sarmadi indicate that they were "provided to the medical source by Mathis & Mathis." AR560; AR565.

afforded Ms. Samardi's opinions sufficient weight. AR33; Dkt. 10 at 6 (arguing that the ALJ erred in finding Ms. Sarmadi's opinions only partially persuasive).

### B. Procedural History

On May 29, 2020, Plaintiff filed an application for SSI. AR17. On September 10, 2020, Plaintiff's application was denied based upon a finding that Plaintiff's conditions resulted in some limitations but did not prevent Plaintiff from working. AR95-96. On November 11, 2020, Plaintiff requested reconsideration of the initial SSI denial. AR139. On June 11, 2021, the Social Security Administration ("SSA") again denied Plaintiff's claim for SSI based upon a finding that, although Plaintiff suffered some limitations, Plaintiff was able to perform work that was less demanding than her previous employment. AR143, 146.

On June 22, 2021, Plaintiff requested a hearing before an ALJ. AR152. On August 9, 2021, the SSA sent Plaintiff a letter explaining that Plaintiff is required to "submit all evidence known to you that relates to whether or not you are . . . disabled." AR168-69. The ALJ held the hearing on January 21, 2022 and Plaintiff appeared via video with her representative. AR14; AR44. The ALJ heard testimony and argument. AR49-79. On March 7, 2022, the ALJ issued a 21-page written opinion, which concluded that Plaintiff was not disabled and was not entitled to SSI. AR17-37. Specifically, the ALJ determined that Ms. Sarmadi's opinions were only partially persuasive. AR33. The ALJ noted that "Ms. Sarmadi did not provide a special report with a detained description of the critical current and longitudinal aspects of her treatment notes and their functional status in accordance with agency regulations." *Id*. Moreover, the ALJ found that "Ms. Sarmadi's opinions that the claimant has marked mental limitations are not consistent with the totality of the evidence, which demonstrates routine and conservative mental health treatment and the claimant's ability to engage in many activities of daily living." *Id*.

On May 2, 2022, Plaintiff appealed the ALJ's decision to the SSA's Appeals Council. AR5. On November 10, 2022, the Appeals Council denied Plaintiff's request for review, finding no reason to review the ALJ's decision. AR1-6.

On June 9, 2023, Plaintiff filed this civil action. Dkt. 1. On April 24, 2023, Plaintiff filed her motion for summary judgment. Dkt Nos. 9; 10; 11. On May 24, 2023, the Commissioner filed a combined cross-motion for summary judgment and response to Plaintiff's Motion. Dkt. Nos. 12; 13; 14;15. On June 7, 2023, Plaintiff filed her reply. Dkt. 16.

On October 12, 2023, Judge Fitzpatrick issued his R&R. Dkt. 17. On October 26, 2023, Plaintiff filed her Objection. Dkt. 18. On November 9, 2023, the Commissioner filed a response. Dkt. 19.

## II. STANDARD OF REVIEW

A district court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b) ("The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made."). However, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); *In re Zetia Antitrust Litig.*, 400 F. Supp. 3d 418, 424 & n.4 (E.D. Va. 2019); *Pittard v. Berryhill*, No. 2:17-cv-71, 2018 WL 4219193, at *1 (E.D. Va. Sept. 5, 2018). In the event a plaintiff's "objections" merely restate her prior arguments, the Court "need only review the Report and Recommendation using a 'clear error' standard." *Lee v. Saul*, No. 2-18-cv-214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019).

Under the Social Security Act, a district court will affirm the Commissioner's final decision "when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id*.

## III. ANALYSIS

On *de novo* review, in assessing Plaintiff's Objection, the sole question presented to this Court is whether the ALJ properly considered Ms. Sarmadi's opinions. Each party, in submitting their position on the Objection, cites only to the governing regulation – 20 C.F.R. § 404.1520c – and to the administrative record. Dkt. Nos. 18; 19. Based on a review of the record and the law, this Court agrees with Judge Fitzpatrick and overrules the Objection.

The parties agree that the weight afforded to Ms. Sarmadi's opinions is governed by 20 C.F.R. § 404.1520c. For claims filed on or after March 27, 2017, such as the claim at issue here, revised regulations that changed the framework for how an ALJ must evaluate medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The revised regulations provide that an ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819; 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a), (b), 416.920c(a), (b).

Under the regulations, the ALJ must evaluate each medical opinion and articulate the "persuasiveness" of all medical opinions by considering five factors. The most important factors,

and the only two factors challenged here, are supportability and consistency. *Id*. §§ 404.1520c & 404.1520c(b)(20. Supportability and consistency are explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

### A. Supportability

As district courts have recognized, supportability refers to "the extent to which a medical source has articulated support for the medical source's own opinion." *Rodriguez v. Comm'r of Soc. Sec.*, 2022 WL 807443, at *5 (M.D. Fla. Mar. 17, 2022); *Giovanna v. Kijakazi*, 2021 WL 3362569, at *3 (D.R.I. Aug. 3, 2021) (supportability means "relevance of the opinion's cited objective medical evidence"); *Crystal R. E. v. Kijakazi*, 2022 WL 446023, at *6 (N.D. Okla. Feb. 14, 2022) (supportability "seen as something internal to the medical source" because section 1520c(c)(1) examines "objective medical evidence and supporting explanations presented by" medical source "to support his or her medical opinion(s)") (citation omitted); 20 C.F.R. § 404.1520c(c)(1). Here, as the ALJ and Judge Fitzpatrick correctly determined, Ms. Sarmadi's opinions fall short of this standard.

Ms. Sarmadi's opinions consist of two fairly conclusory letters (the second of which is an almost *verbatim* copy of the first) and two forms where all Ms. Sarmadi did was quite literally check boxes. AR511, AR559, AR560-71. These submissions are conclusory and provided without any explanation or support. Plaintiff's Objection seeks simply to recharacterize Ms.

Sarmadi's submissions. Dkt. 18. Plaintiff argues that Ms. Sarmadi provided "specific functional opinions regarding Ms. Drumgold's ability to make occupational adjustments, make performance adjustments, and her capacity to maintain regular attendance." *Id*. at 3 (citing AR561-62). But those "specific functional opinions" are merely checked boxes on a form prepared by Plaintiff's representative, lacking any context, basis, or explanation. AR561-562. There is nothing in Ms. Sarmadi's submissions that explains *how* she reached those conclusions. Plaintiff consistently argues that Ms. Sarmadi "explained" how Plaintiff's symptoms manifested in the two forms that Ms. Sarmadi submitted; but, as the forms reflect, even where the form specifically invited Ms. Sarmadi to provide an explanation of how symptoms manifest, Ms. Sarmadi almost always declined to provide any supporting explanation.[5]

Plaintiff argues that Ms. Sarmadi "provided clear statements supporting her opinions," but each of the statements upon which Plaintiff relies is the opinion itself and not the explanation for how the opinion was reached or what Ms. Sarmadi relies on to support it. Dkt. 18 at 4-5. Indeed, Plaintiff's Objection tries to add details to the record that Ms. Sarmadi herself does not provide. *Id*. at 5 (asserting without citation to the administrative record that Ms. Sarmadi engaged in

---

[5] With respect to Anxiety Related Disorders and Manic Syndrome Characteristics, the forms specifically instructed Ms. Sarmadi to check the appropriate box and give a short description. AR569 ("If the sign or symptom is present, please give a short description of its manifestation in the space provided."); AR570 ("If the above-listed characteristics result in any of the following limitations, check the appropriate space and enter a description of the specific limitation."). For anxiety disorders, Ms. Sarmadi checked the box "Yes" for four different symptoms, but only provided commentary on Plaintiff's irrational fears. AR569 (responding that Plaintiff has a persistent irrational fear of "driving, traffic, crowds/people" without further explanation and declining to provide an explanation for affirmative responses regarding recurrent severe panic attacks, recurrent obsessions or compulsions, or recurrent and intrusive recollections). For the limitations associated with manic syndrome characteristics, Ms. Sarmadi checked all five "yes" responses regarding limitations but did not provide any explanation in the space provided despite the specific invitation to do so. AR570.

"frequent counseling sessions"[6] and that Ms. Sarmadi would "regularly meet and sit down with Ms. Drumgold – to discuss her problems and her issues"). Moreover, Plaintiff attempts to take issue with Defendant's argument that Ms. Sarmadi's "findings were reliant on Ms. Drumgold's subjective remarks" and that "[t]here is no evidence to support such a theory." Dkt. 18 at 5. On this point Plaintiff is correct – there is no evidence supporting how Ms. Sarmadi made her findings, which only goes to support the ALJ's decision.[7]

This Court agrees with Judge Fitzpatrick that Ms. Sarmadi's letter and form submissions are "plainly insufficient" to satisfy the supportability factor of 20 C.F.R. § 404.1520c(c)(1). Dkt. 17 at 13. To find otherwise would require the ALJ to accept Ms. Sarmadi's opinions without analysis or review. Here, the ALJ did not reject Ms. Sarmadi's opinions; rather, the ALJ considered them partially persuasive and that the opinions impacted the residual functioning capacity analysis. AR33. Thus, there is substantial evidence to support the ALJ's finding that Ms. Sarmadi's opinions lacked supportability. Accordingly, with respect to this factor, the R&R is adopted, and the Objection overruled.

## B. Consistency[8]

Although Plaintiff does not explicitly challenge Judge Fitzpatrick's analysis of the consistency factor, the Court, as part of its *de novo* review, nonetheless analyzes that factor as well.

---

[6] The forms submitted by Ms. Sarmadi reveal that these sessions were once a month. AR568.

[7] Although Ms. Sarmadi never explains on what she bases her opinions, there is some suggestion in her letters that her recommendations are based on Ms. Drumgold's reporting. *See* AR511 (Plaintiff reports that she feels calm when she isolates at home and that she is triggered by other people and Ms. Sarmadi recommending Plaintiff avoid her reported triggers).

[8] As with Plaintiff's briefing on the original summary judgment motions, Plaintiff's argument with respect to consistency is confusing. In her original Reply brief, Plaintiff disclaimed that she was challenging the consistency factor. Dkt. 16 at 4 ("The rest of the Commissioner's

9

Consistency refers to how "consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim." *Dennis B. v. Comm'r of Social Security*, 2023 WL 2646303, at *2 (E.D. Va. Mar. 27, 2023). Because the ALJ properly addressed the consistency factor, the Court adopts Judge Fitzpatrick's R&R in this regard and overrules the Objection.

The ALJ determined that "[n]otwithstanding the lack of supporting documentation, Ms. Sarmadi's opinions that the claimant has marked mental limitations are not consistent with the totality of the evidence, which demonstrates routine and conservative mental health treatment and the claimant's ability to engage in many activities of daily living." AR33 (citing exhibits). Specifically, the ALJ drew comparisons between Ms. Sarmadi's opinions and Drs. Leslie Montgomery, Ph.D. and Jo McClain, PsyD., who found that Plaintiff had a "moderate limitation in understanding, remembering or applying information; moderate limitation interacting with others; moderate limitation in concentrating, persisting, or maintaining pace; and moderate limitation in adapting or managing oneself." *Id*. Dr. Montgomery found that Plaintiff "could recall short and simple instructions, interact appropriately with supervisors and coworkers in order to complete required duties; interact with the public for only brief periods or infrequently, and adapt to infrequent or gradually implemented changes." *Id*.

As the ALJ and Judge Fitzpatrick point out, Drs. Montgomery and McClain's opinions regarding Plaintiff's "moderate" limitations stand in contrast to Ms. Sarmadi's opinions that

---

response focuses on the consistency factor. That is irrelevant to the issue here."). Nonetheless, Judge Fitzpatrick addressed the consistency factor. Dkt. 17 at 14-16. In her Objection, Plaintiff reiterates that "Ms. Drumgold argued that the ALJ failed to address both," but then focuses entirely on the supportability factor and does not address Judge Fitzpatrick's analysis of the consistency factor. Dkt. 18 at 2. Thus, this Court finds that Plaintiff has not objected to Judge Fitzpatrick's analysis of the consistency factor. Out of an abundance of caution, however, the Court conducts a *de novo* review of that factor as well.

Plaintiff has more severe "marked" limitations. AR32-34. The ALJ found Drs. Montgomery and McClain's opinions more persuasive because they were based on relevant evidence – in other words, they were supported by examination findings and activities of daily living. AR34.

In her opening argument (which Plaintiff apparently abandoned on Reply), Plaintiff argued that the ALJ should have found Ms. Sarmadi's opinions consistent with the opinions of Dr. Carol McLeary, PsyD., and Yaiza Vidal Sostre, M.A., QMHP. Dkt. 10 at 8-9. Plaintiff further accused the ALJ of not "consider[ing] the evidence that actually matters." *Id*. But in fact, the ALJ did consider the opinions of Dr. McLeary and Ms. Sostre. AR32. The ALJ simply concluded that their opinions were also unpersuasive because those opinions were unsupported by their own records. *Id*. Rather, the ALJ found that the records provided by Dr. McLeary and Ms. Sostre supported a "moderate impairment" conclusion as found by Drs. Montgomery and McClain. *Id*. Indeed, in contrast to Ms. Sarmadi, Dr. McLeary and Ms. Sostre determined that Plaintiff's concentration was average. *Compare* AR520 ("Attention and concentration were average") *with* AR565 (Plaintiff had a "moderate limitation" with respect to concentration); AR562 (emphasizing "lack of concentration"). Additionally, although both conclusions are unsupported by reference to any examinations or findings, Dr. McLeary and Ms. Sostre found that Plaintiff was "markedly impaired" in accepting instructions from supervisors compared to Ms. Sarmadi who did not find, or found only a mild impairment,. *Compare* AR521 *with* AR565.[9]

The ALJ reasonably examined Dr. McLeary and Ms. Sostre's conclusions that Plaintiff's cooperative behavior, normal eye contact, normal expressive and receptive language, and average

---

[9] Neither opinion is supported by the information provided by the medical source. Indeed, it is difficult to determine how Dr. McLeary and Ms. Sostre determined that Plaintiff could not accept instructions from supervisors when Plaintiff was cooperative with their examination and followed their instructions. AR517.

11

attention and concentration as well as her ability to engage in facets of everyday living do not support their findings of a "Marked Impairment," but reflect a more moderate impairment. AR32. Plaintiff does not challenge this determination. Thus, the ALJ's determination that Ms. Sarmadi's opinions were inconsistent with the record as a whole – focusing in particular on the findings of Drs. Montgomery and McClain but also on the examination conducted by Dr. McLeary and Ms. Sostre – was reasonable and supported by substantial evidence. Accordingly, the Court will overrule the Objection.

## IV. CONCLUSION

In sum, the ALJ appropriately analyzed the supportability and consistency factors in finding Ms. Sarmadi's opinions only partially persuasive. Accordingly, for the foregoing reasons, it is hereby ORDERED that the R&R (Dkt. 17) is ACCEPTED and ADOPTED; and it is

FURTHER ORDERED that the Objection (Dkt. 18) is OVERRULED; and it is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Dkt. 9) is DENIED; and it is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. 12) is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to enter Rule 58 judgment on behalf of Defendant and against Plaintiff; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
March 1, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge